**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

TRADE SECRET/COMMERCIALLY SENSITIVE

FILED
2015 NOV 27 A 11:44
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

Dale Cendali (SB# 1969070)
dale.cendali@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Allison Worthy Buchner (SB#253102)
allison.buchner@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant (Applicant) and Non-Party Apple Inc.

FILED BY FAX

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SK

IN THE MATTER OF A DEPOSITION SUBPOENA SERVED IN:

RxD MEDIA, LLC,

Plaintiff,

v.

IP APPLICATION DEVELOPMENT LLC

Defendant.

CASE NO. CV 15 80 291MISC

[Related to Case Nos. 9120733/91207598 Pending in the Trademark Trial and Appeal Board]

**DECLARATION OF ALLISON BUCHNER IN SUPPORT OF NON-PARTY APPLE INC.'S MOTION FOR PROTECTIVE ORDER TO QUASH "APEX" DEPOSITION SUBPOENA**

Hearing Date: [To Be Set By Court]
Time: TBD
Courtroom: TBD

I, Allison Buchner, declare and state as follows:

1. I am an attorney at law, duly licensed to practice in the state of California. I am a partner at the law firm of Kirkland & Ellis LLP, counsel of record for non-party Apple Inc ("Apple") and Defendant (Applicant) IP Application Development LLC ("IPAD LLC"). As counsel for Apple and IPAD LLC, I am familiar for the files, documents, and correspondence in this case and submit this declaration in support of and concurrently with Apple's Motion for Protective Order to Quash RxD Media LLC ("RxD")'s "Apex" Deposition Subpoena of Douglas Vetter.

2. In the underlying trademark opposition proceeding before the Trademark Trial and Appeal Board ("Board Proceeding"), RxD opposes registration of IPAD LLC's application to register the mark IPAD for trademark Classes 35, 38, 39, and 42 for certain business, telecommunications, storage, and computer services. The Board Proceeding has been pending for over two years. During that time, RxD has sought and received ten extensions in the discovery schedule, but has yet to depose a single witness.

3. Attached as Exhibit 1 is a true and correct copy of [REDACTED] bearing the bates numbers IPADLLC_00149-52.

4. Attached as Exhibit 2 is a true and correct copy of IPAD LLC's December 17, 2012 initial disclosures, in which IPAD LLC identified Thomas La Perle as the individual who may have "discoverable information regarding the goods and services that [IPAD LLC] offers and intends to offer in the United States under the IPAD mark through itself and/or its licensees."

5. Attached as Exhibit 3 is a true and correct copy of RxD's January 20, 2015 notice of deposition of Douglas Vetter, as issued in the Board Proceedings.

6. Attached as Exhibit 4 is a true and correct copy of RxD's January 20, 2015 notice of deposition of IPAD LLC under Rule 30(b)(6) of the Federal Rules of Civil Procedure, as issued in the Board Proceedings.

7. Attached as Exhibit 5 is a true and correct copy of RxD's March 20, 2015 motion to compel discovery responses from IPAD LLC, as filed in the Board Proceedings. In Exhibit 5, RxD

argues that Mr. Vetter's deposition is necessary [REDACTED]. The Board Proceedings were temporarily suspended pending the resolution of this motion.

8. Attached as Exhibit 6 is a true and correct copy of IPAD LLC's April 13, 2015 opposition to RxD's motion to compel, as filed in the Board Proceedings.

9. Attached as Exhibit 7 is a true and correct copy of RxD's April 27, 2015 reply in support of its motion to compel, as filed in the Board Proceedings.

10. Attached as Exhibit 8 is a true and correct copy of the Trademark Trial and Appeal Board (the "Board")'s October 1, 2015 order granting in part and denying in part RxD's motion to compel. Particularly relevant here, the Board refused to compel Mr. Vetter's deposition. The Board ruled that since both Apple and Mr. Vetter were non-parties to the Board Proceeding, RxD's attempts to seek discovery from them through deposition notices and written discovery were improper, and that the Board had no power to compel discovery from non-parties.

11. Attached as Exhibit 9 is a true and correct copy of RxD's October 19, 2015 deposition subpoena to non-party Apple, which issued from the U.S. District Court for the Northern District of California and was served upon Apple on October 22, 2015.

12. Attached as Exhibit 10 is a true and correct copy of RxD's November 4, 2015 deposition subpoena to Douglas Vetter, which issued from the U.S. District Court for the Northern District of California and was served upon Mr. Vetter on November 9, 2015.

13. IPAD LLC has offered Thomas La Perle for deposition as the corporate designee for Apple and IPAD LLC under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Pursuant to the parties' agreement, that deposition is currently set for December 10, 2015. Attached as Exhibit 11 is a true and correct copy of my November 19, 2015 email exchange with Cecil E. Key, counsel for RxD, memorializing our agreement.

14. On November 25, 2015, I met and conferred with Mr. Key by telephone about Apple's motion for protective order to quash the Vetter subpoena. During that phone call, Mr. Key maintained that RxD opposes Apple's motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 25, 2015, in Los Angeles, California.

*/s/ Allison W. Buchner*
Allison W. Buchner