1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    RXD MEDIA, LLC,                              Case No.   15-mc-80291-SK
                      Plaintiff,
8
            v.
9                                                 **ORDER GRANTING IN PART AND
                                                  DENYING IN PART MOTION TO
10   IP APPLICATION DEVELOPMENT LLC,              QUASH**
                      Defendant.                  Regarding Docket Nos. 1, 13, and 16
11

12          This matter comes before the Court upon consideration of Apple, Inc.'s motion to quash

13   the subpoena issued by RxD Media, LLC ("RxD").  This motion is fully briefed and suitable for

14   disposition without hearing pursuant to Civil Local Rule 7-1(b).  Having carefully considered the

15   parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS IN

16   PART and DENIES IN PART Apple's motion for the reasons set forth below.[1]

17                                       **BACKGROUND**

18          In a trademark proceeding before the Trademark Trial and Appeal Board (the "Board"),

19   RxD opposes the registration of IP Application Development LLC's ("IPAD") IPAD mark based

20   on RxD's purported use of the phrase "IPAD.MOBI" in connection with its mobile internet

21   notepad.  RxD moved to compel the deposition of Douglas Vetter, a vice-president in Apple's

22   legal department, but the Board ruled that Apple was a non-party and, thus, the Board did not have

23   jurisdiction over it.  RxD then served a subpoena on Mr. Vetter.  Apple now moves to quash that

24   subpoena on the grounds that Mr. Vetter is an "apex" or high-level executive and that he does not

25   have any substantive knowledge of facts relevant to the underlying Board proceeding.

26

27          [1] The Court GRANTS RxD's request to seal RxD's opposition brief and attached exhibits
     as modified by Apple's submission at Docket Nos. 22 and 23 and GRANTS Apple's request to
28   seal.  *See* Fed. R. Evid. 201.  Based on the RxD's representation, the Court is not sealing the
     Declaration of Cecil E. Key in support of RxD's opposition.  (Dkt. No. 26.)

United States District Court
Northern District of California

///

## ANALYSIS

### A.      Applicable Legal Standard.

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena.  The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b).  Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b).").

Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  "A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.  Where relevance is in doubt . . . the court should be permissive." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680-81 (N.D. Cal. 2006) (quoting *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987)).

A court must protect a nonparty subject to a subpoena if the subpoena "requires disclosure of privileged or other protected matter" or the subpoena "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3).  A court must also limit discovery if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).  Rule 45 also provides that the Court shall quash or modify a subpoena that imposes an undue burden.  Fed. R. Civ. P. 45(d)(3)(A)(iii).

"On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is

United States District Court
Northern District of California

1   relevant." *Chevron Corp. v. Donziger*, 2013 WL 4536808, \*4 (N.D. Cal. Aug. 22, 2013) (internal

2   citation omitted). "[I]f the sought after documents are not relevant nor calculated to lead to the

3   discovery of admissible evidence, then any burden whatsoever imposed . . . would be by definition

4   undue." *See Compaq Computer Corp. v. Packard Bell Elecs.,* 163 F.R.D. 329, 335-36 (N.D. Cal.

5   1995).

6   **B.      Apple's Motion to Quash.**

7          Apple moves to quash the subpoena of Mr. Vetter on the grounds that he is a high level or

8   "apex" executive with no knowledge of the relevant facts. "When a party seeks the deposition of a

9   high-level executive (a so-called 'apex' deposition), courts have observed that such discovery

10  creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Elecs. Co., Ltd*,

11  282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation marks and citations omitted). "In

12  determining whether to allow an "apex" deposition, courts consider (1) whether the deponent has

13  unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the

14  party seeking the deposition has exhausted other less intrusive discovery methods." *Id*. (quoting

15  *In re Google Litig.*, 2011 WL 4985279, \*2 (N.D. Cal. Oct. 19, 2011)).

16         However, "a party seeking to prevent a deposition carries a heavy burden to show why

17  discovery should be denied." *Id*. (quoting *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL

18  205067, \*3 (N.D. Cal. Jan. 25, 2007)). Therefore, "it is very unusual 'for a court to prohibit the

19  taking of a deposition altogether absent extraordinary circumstances.'" *Id*. (quoting

20  *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, \*2 (S.D. Cal. Apr. 6, 2007)). "When a

21  witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO

22  is subject to deposition." *Id*. Moreover, "a claimed lack of knowledge, by itself it is insufficient

23  to preclude a deposition." *Id*.

24         In light of the fact that the Court has granted Apple's request to keep the details regarding

25  its organizational structure confidential, the Court will only discuss this issue in general terms.

26  Given the size of Apple, and its multiple levels of management, the Court is not persuaded that

27  Mr. Vetter, in his position, qualifies as an "apex" executive. Although the Court does not doubt

28  that Mr. Vetter has demanding professional responsibilities at Apple, this is not reason enough to

3

United States District Court
Northern District of California

1  limit RxD's access to potential relevant information.

2  Apple also argues that, as a non-party, Mr. Vetter should be protected from being deposed.

3  The Ninth Circuit has suggested that discovery against non-parties may be "more limited to

4  protect third parties from harassment, inconvenience, or disclosure of confidential documents."

5  *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980).  However, while the

6  Board has determined that Apple is legally separate from IPAD and, thus, is a non-party, the Court

7  notes that Apple is not an unrelated, uninterested entity.

8  Apple contends that although Mr. Vetter signed the Trademark License agreement at issue,

9  he only did so at the request of Thomas LaPerle, the Director of Trademark and Copyright at

10  Apple, and does not have any substantive knowledge of the relevant facts.  However, as noted

11  above, a claimed lack of knowledge is insufficient to preclude a deposition.  RxD has already

12  deposed Mr. LaPerle and has repeatedly requested the names of other knowledgeable individuals.

13  Significantly, Mr. Vetter did, in fact, sign the operative agreement concerning the IPAD mark on

14  behalf of Apple.  Moreover, the Court does not find that RxD is seeking to depose Mr. Vetter to

15  abuse or harass Apple.  Apple argues that Mr. LaPerle is the only available employee with relevant

16  information.  It may be that deposing Mr. Vetter will not lead to the discovery of extensive

17  valuable information, but the Court finds that RxD should have the opportunity to try.

18  Nevertheless, in light of the fact that Apple is a non-party and has submitted a declaration by Mr.

19  Vetter attesting to his limited knowledge, the Court will limit the duration of the deposition.  RxD

20  may depose Mr. Vetter for a maximum of two hours.

21  **CONCLUSION**

22  For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART

23  Apple's motion to quash.  The Court DENIES the request to quash the subpoena in its entirety but

24  is limiting the duration of the deposition to a maximum of two hours.

25  **IT IS SO ORDERED**.

26  Dated: January 8, 2016

27  

28  SALLIE KIM
United States Magistrate Judge

4